YELVERTON, Judge.
Plaintiff, Sheryl Pelous, appeals a judgment finding that her employment injury was not the cause of her disability, and denying her claim for workmen’s compensation benefits. We affirm.
Sheryl Pelous was employed by N.A.D. Brokerage Company as a counter. N.A.D. was in the business of manufacturing crab and crawfish traps. Sheryl counted craw-fish and crab traps as they were delivered to N.A.D., which was owned by Euline Guidry, the wife of Leo Guidry. To load and unload the traps from the trucks, the employees used a staircase ladder.
On December 15, 1982, while attempting to pull the staircase ladder out of the mud, the plaintiff felt her back give and fell to her knees. She reported the accident to Mrs. Guidry and visited the doctor the next day. She continued to work until the first of January when she was laid off by the defendant.
About six months later the plaintiff began experiencing back and leg pains which she thought were related to the December accident. Her back problems resulted ultimately in four surgeries. The record indicates there is no question that plaintiff is currently disabled.
She filed suit alleging that her injuries were related to her December 1982 accident. After a trial on the merits the trial court denied the plaintiff’s claim finding no causal connection between her disability and that accident. Plaintiff’s appeal argues that this finding of fact was clearly wrong.
The record shows that plaintiff had several health problems. She had hypertension and diabetes. She weighed over 200 pounds. The deposition of Dr. Bourgeois, her family doctor, traces his treatment at about this time period. He said that on December 16, 1982, she told him that she had hurt her lower back. He thought that she could have gone back to work the next day with no more complaints than she had at that time. Between the date of the accident and the June 1983 visit when she again complained of back pain, she saw the doctor at least seven times. During none of these visits did she complain of back pain. The visits were for problems such as swollen gums, headaches not related to the December accident, ingrown toenails, and simply wanting to lose weight.
*1044 Several witnesses testified that during the period between the accident and the disability, plaintiff frequented bars and enjoyed dancing. She also dealt boureé (a card game) until the early morning hours.
The deposition of Dr. R.C. Llewellyn, the surgeon who performed the four back operations, testified that he first saw plaintiff in August 1983. She complained of low back pain and eventually had to have the tom portion of her disc removed through surgery. Dr. Llewellyn stated that plaintiffs weight was a significant problem because exertional activity by a person carrying excess weight can be a source of disc problems. However, he felt her problems were related to the accident because of the history that she gave him. This history described plaintiffs back symptoms as developing promptly after the accident and persisting prominently and permanently since the December accident.
The trial court, after hearing the evidence, determined that plaintiffs back problems were not caused by a work-related accident.
£1,2] The plaintiff in a workmen’s compensation action has the burden of establishing his disability and the causal connection between it and the accident by a preponderance of the evidence. Thum v. MRO Services Co., Inc., 430 So.2d 1298 (La.App. 1st Cir.1983), writ denied 434 So.2d 1092 (La.1983). However, causation is not necessarily and exclusively a medical question. It is usually the ultimate fact to be found by the court. Thum v. MRO Services Co., Inc., supra.
In the present case the evidence is clear that plaintiff injured her back at work, however, she went back to work almost immediately and had no back complaints until approximately six months later. She was physically active during the six months. She had other health problems which could cause disk problems. There is an element of credibility involved. We cannot say that the trial court was clearly wrong in finding the injuries were not the result of a work-related accident.
For these reasons the judgment of the district court is affirmed at plaintiffs costs.
AFFIRMED.